<strong>UNITED STATES DISTRICT COURT</strong>
<strong>DISTRICT OF NEVADA</strong>

| | |
|---|---|
| POUND FOR POUND PROMOTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GOLDEN BOY PROMOTIONS, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cv-01872-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Remand, (ECF No. 14), filed by Plaintiff Pound For Pound Promotions, Inc. ("PFP"). Defendant Golden Boy Promotions, Inc. ("Golden Boy") filed a Response, (ECF No. 26), and PFP filed a Reply, (ECF No. 29). On October 18, 2016, Magistrate Judge Peggy Leen held a hearing regarding the jurisdictional dispute in this case and ordered additional briefing on the issue. (ECF No. 35). Both parties filed supplemental briefs on December 14, 2016. (ECF Nos. 41, 44). For the reasons set forth herein, PFP's Motion to Remand is **GRANTED**.

### I.   BACKGROUND

This case arises out of a contract dispute over Golden Boy's promotional and professional relationship with boxer "Sugar" Shane Mosley ("Mosley"). (Compl., Ex. 1 to Pet. Removal, ECF No. 1-1). PFP is a Nevada corporation that furnishes the professional services of Mosley. (Pl.'s Mot. to Remand 1:17–21, ECF No. 14). Specifically, PFP promotes Mosely's professional boxing matches, promotes the boxing matches of PFP's other boxers, and operates Mosley's boxing-related activities. (*Id.*). Golden Boy is a boxing promotional company headquartered in Los Angeles, California. (Def.'s Mot. to Transfer 2:8–9, ECF No. 7).

PFP initiated this action in Clark County District Court on July 5, 2016. (Compl., Ex. 1 to Pet. Removal). On August 8, 2016, Golden Boy removed the case to federal court, alleging

that this Court has jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. (Pet. Removal, ECF No. 1).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Pursuant to 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).  Section 1332 requires complete diversity among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## III.  DISCUSSION

In the instant Motion, PFP argues that the parties are non-diverse and therefore the Court does not have subject matter jurisdiction over this action. (Pl.'s Mot. to Remand 2:1–5). Neither party disputes that Golden Boy is a citizen of California and PFP is a citizen of Nevada. Rather, the issue is whether PFP is also a citizen of California based on its principal place of business.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state by which it is incorporated, as well as the state where it has its principal place of business.

*See* 28 U.S.C. § 1332(c)(1*). In Hertz Corp. v. Friend*, the Supreme Court held that a corporation's principal place of business is solely determined by the state of its "never center." 130 S. Ct. 1181, 1192 (2010).  A corporation's nerve center is "where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*  Thus, the presence of an office in a state does not necessarily dictate diversity—rather, courts look to where the company's "executive-level decisions" are made. *See Giannini v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 6291789, at *3 (N.D. Cal. Dec. 15, 2011).

When jurisdiction is challenged, the party asserting federal jurisdiction must present "competent proof" to substantiate its jurisdictional allegations. *Hertz*, 130 S. Ct. at 1195.  In the Ninth Circuit, the removing party must demonstrate that removal is proper by a preponderance of evidence, and any doubts about the propriety of removal should be resolved in favor of remand. *Gaus*, 980 F.2d at 566.

In this case, PFP asserts that the company operated in "both Nevada and California with its principal place of business being Nevada until 2014." (Mosley Decl. ¶ 5, ECF No. 15). Beginning in 2014, however, PFP claims that the principal place of business changed to California. (*Id.* ¶ 15).  In support of this change, PFP raises a number of factual assertions: (1) Mosley has not fought in Nevada since 2014; (2) PFP operates a training camp in Big Bear, California; (3) Mosley conducts all calls and meetings regarding PFP in California; (4) all of PFP's employees—an accountant, secretary, and treasurer—currently reside in California and perform their duties in California; (5) all of Mosley's meetings with PFP employees occur in Playa Vista, California; and (6) PFP's Nevada address is effectively a mail drop. (*See* Mosley Decl. ¶¶ 17–28).  PFP's Secretary/Treasurer, Trista Pisani, attests to the validity of these assertions. (*See* Pisani Decl., ECF No. 30).

In its Response, Golden Boy raises two counterarguments: (1) PFP is not registered to do business in California and thus cannot have its principal place of business in the state; and (2) PFP has failed to submit "competent evidence" to support its claim of California citizenship. (Def.'s Response 2:1–8, ECF No. 26).  The Court addresses each argument in turn.

### a.  Registration in California

With respect to the first argument, the Court is unpersuaded.  Golden Boy provides no case law to support this assertion.  Furthermore, as stated above, the relevant consideration when evaluating a corporation's principal place of business is where the corporate officers "direct, control, and coordinate the corporation's activities." *Hertz*, 130 S. Ct. at 1192.  Nothing in this standard suggests that a company must also be registered to transact business in the state where it makes its executive level decisions. *See Kaufman v. Gen. Ins. Co. of Am.*, 192 F. Supp. 238, 240 (S.D. Cal. 1961) (noting that the requirements to do business within a state "have nothing to do with diversity of citizenship jurisdiction, which exists essentially as a protection to the out-of-state litigant against local and provincial prejudices."); *see also PNC Equip. Fin., LLC v. California Fairs Fin. Auth.*, 2012 WL 12506870, at *7 (C.D. Cal. Feb. 9, 2012) (stating that registration as a foreign corporation was relevant in assessing whether the company submitted to personal jurisdiction, but not whether it is a citizen of the state for diversity purposes).  Accordingly, the Court rejects this argument.

### b.  Failure to Submit Competent Evidence

With respect to Golden Boy's second argument, the Court is likewise unpersuaded.  As a general matter, Golden Boy seems to be mistaken as to where the burden of proof presently lies.  The burden is on the removing party to prove that diversity is complete.  It is not PFP's responsibility to show that California constitutes the nerve center of the company—rather, it is Golden Boy's responsibility to show that California is, in fact, not the nerve center of PFP.

To this end, Golden Boy points to PFP's Certificate of Revival filed in March 2016—which lists a Las Vegas address for the business and its officers—as proof that PFP's nerve center is actually in Nevada. (*See* Certificate of Revival, Ex. G to Def.'s Response, ECF No. 26). In Reply, PFP argues that the Certificate of Revival does not require a company to list its principal place of business, and the address listed in the document reflects only PFP's Nevada office. (See Pl.'s Reply 8:17–25, ECF No. 29). The Court finds that PFP's position is not inconsistent with its prior factual assertions regarding citizenship. PFP does not deny that it is incorporated in Nevada, and therefore it is not unexpected that PFP would list its Las Vegas address in a Certificate of Revival for Nevada.

Golden Boy also points to PFP's March 2016 company report filed with the Nevada Secretary of State, which lists a Las Vegas address for the business and its officers. (*See* Company Report, Ex. H to Def.'s Response, ECF No. 26). As stated above, listing a Las Vegas address on this report is not inconsistent with PFP's representations regarding its principal place of business. Moreover, PFP filed an Amended Report on August 29, 2016, which updated the document to include California addresses. (Amended Report, Ex. I to Def.'s Response, ECF No. 26). Golden Boy argues that the Court should disregard this document because it was filed after Golden Boy removed this action, and diversity is determined at the time of removal. (Def.'s Response 4:9–16). In Reply, PFP asserts that the "updated corporate filings simply record facts as they existed as of the time of filing. . . ." (Pl.'s Reply 9:6–7). PFP is correct. Here, the amended report does not purport to change PFP's principal place of business post-removal, but rather supports PFP's original factual position. Accordingly, the Court rejects Golden Boy's second argument.[1]

---

[1] In its Response, Golden Boy also argues that PFP's alleged California offices are listed as personal residences and therefore cannot constitute PFP's principal place of business. Golden Boy does not cite any authority to support these assertions. Furthermore, the fact that certain websites show a location as "residential" does not mean that a company cannot conduct operations out of that location. Therefore, the Court rejects these arguments.

### c. Supplemental Briefing

Upon review of the supplemental briefing, the Court finds that Golden Boy still falls short of its burden to establish jurisdiction. In the supplemental brief, Golden Boy argues that PFP has filed various corporate and tax documents in Nevada, and therefore Nevada must be its principal place of business. (*See* Def.'s Suppl. Resp. 3:10–4:25). For the reasons already stated, this evidence alone is insufficient to establish by a preponderance that PFP's principal place of business is Nevada and not California. *See Hertz*, 130 S. Ct. at 1195 (rejecting the notion that the mere filing of a form determined the location of a corporation's nerve center). The nerve center test concerns where a company's officers "direct, control, and coordinate the corporation's activities." *Id*. at 1192. PFP alleges through declarations and deposition evidence that such activities are coordinated and controlled in California. None of the evidence proffered by Golden Boy adequately contradicts these core assertions.[2]

The Court recognizes the difficulty of proving a small business such as PFP's principal place of business. Nonetheless, the burden rests on Golden Boy to demonstrate that removal of this action is proper. Based on the record and the strong presumption against removal, the Court will grant PFP's Motion to Remand.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that PFP's Motion to Remand, (ECF No. 14), is **GRANTED**.

**IT IS FURTHER ORDERED** that Golden Boy's Motion to Transfer Venue, (ECF No. 7), is **DENIED as moot**.

---

[2] Golden Boy requests leave to conduct additional discovery on the jurisdictional issue and depose Trista Pisani. In the interests of judicial economy and to avoid a "mini-trial" on a non-merits issue, the Court declines Golden Boy's request. The Court further notes that Trista Pisani has already provided a sworn declaration detailing her position on the jurisdictional issue. (ECF No. 30). Additional deposition testimony would merely supplement the evidence already on the record and not alter the Court's conclusions.

**IT IS FURTHER ORDERED** that this case is remanded back to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this __27__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge